Kenneth W. NAVIS

v.

Patrick L. HENRY.

Civ. A. No. 78–0219–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 8, 1978.

Aubrey R. Bowles, III, Robert J. Kloeti, Richmond, Va., for plaintiff.

Kingston E. Smith, G. Kenneth Miller, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Defendant is a resident and citizen of the State of New Jersey. Plaintiffs are residents and citizens of the Commonwealth of Virginia. Jurisdiction is based upon diversity and service of process was obtained pursuant to Va. Code §§ 8.01–328.1 and 8.01–329 (Repl.Vol.1977).

Defendant was visiting Virginia on vacation. He was attempting to get a fire going in his charcoal grill and, allegedly through his negligence, the charcoal lighter fluid exploded and injured plaintiffs. Defendant moved on 8 May 1978 to quash the service of process and dismiss the complaint on the grounds that Va. Code § 8.01–328.1, the Virginia Longarm statute, cannot properly be construed as permitting service of process under the facts and circumstances of this case. Defendant's motion was ac-

companied by an appropriate brief and a reply brief has been filed. Defendant's rebuttal brief was not timely filed and will not be considered.

The facts as alleged clearly come within the purview of Va. Code § 8.01–328.1(A)(3) which provides:

> (A) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the persons . . . . (3) causing tortious injury by an act or omission in this State;
> . . . .

But defendant argues that though under the statute a court of the Commonwealth (and this Court under diversity jurisdiction) may exercise personal jurisdiction that such exercise under the facts and circumstances of this case would offend the Due Process Clause of the United States Constitution. The offense arises from the fact that to accept personal jurisdiction would curtail the exercise of defendant's constitutional right to freedom of travel and his constitutional right to freedom of association.

█ It does not require citation of authority to recognize that one's right to freely travel and to freely associate are subject to reasonable rules. Surely a requirement that one must respond to a suit for an act causing tortious injury during the course of one's travel and association is not unreasonable. But the question remains as to whether the courts have recognized that a single act causing tortious injury by a mere sojourner within the State subjects that person to service of process under the Virginia Longarm statute without offending the Due Process Clause.

No case on all fours was cited by either party yet it is abundantly clear that due process is not offended in cases of this nature. The Notewriter in 51 Va.L.Rev. 719, 746 commented:

> [The Supreme Court] long ago approved the assertion of jurisdiction over non-residents who cause tortious injury upon the highways of the State in *Hess v. Pawloski* [274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927)]. It is, of course, true that

*Hess* employed the "consent" fiction but as has previously been demonstrated, there is no remaining validity to the contention that jurisdiction need be based upon consent. It is now well accepted that jurisdiction in such cases is a matter of the power of the State to require that non-residents be responsible for their actions while using the highways of the State. Likewise, no one would maintain that there is any distinction of constitutional significance between negligent infliction of harm while delivering a stove [*Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673 (1957)] and negligent infliction of harm while driving an automobile in the State. Thus, subsection (3) is constitutional as applied to non-resident corporations and individuals who cause tortious injury by an act or omission in this State.

To similar effect is a ruling of the Fifth Circuit in *Elkhart Engineering Corp. v. Werke,* 343 F.2d 861, 868 (5th Cir. 1965). In addressing the issue as to whether, in view of the Due Process requirements of the Fourteenth Amendment, service of process may be perfected on a foreign corporation not qualified to do business in Alabama in a suit arising from the commission of a tort by defendant foreign corporation during the conduct of a single business transaction within the State, the Court stated the following:

> [I]t is apparent that a state has a substantial interest in providing a forum to redress tortious [injuries] committed within its borders by non-residents. . . . When a non-resident has voluntarily entered a state and invoked the protections of its laws, it does not in our view offend "traditional notions of fair play and substantial justice" to require the non-resident to answer in the courts of that state for any tortious act committed while there. We therefor hold that Alabama may, consistent with the due process clause of the Fourteenth Amendment, assert jurisdiction over a non-resident, non-qualifying corporation in suits on a claim of liability for tortious injury arising out of activity of the non-resident within the

state, even though only a single transaction is involved, and regardless of whether the activity is considered dangerous.

█ Finally, in a clear exposition of the state of the law, Judge Dalton, in *St. Clair v. Righter,* 250 F.Supp. 148, 152–155 (W.D. of Va.1966) pointed out that the Due Process considerations of the United States Constitution are not a limitation on subsection (3) of the Virginia Longarm statute but, instead, that subsection (3) is less inclusive than Due Process:

> If we can imagine the outer limit of due process as the circumference of a circle and the outer limit of jurisdiction which has been authorized by a state statute as a much smaller concentric circle within the larger circle, then there is an area between the circumferences of the inner and outer circles where the state has not been expressly *authorized* to assert jurisdiction but which, nevertheless, is a part of the state's inherent jurisdictional *power.* 250 F.Supp. 148 at 152 (emphasis in original).

Judge Dalton went on to note that *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) emphasized that all that was essential in each case is "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State."

█ The complaint undoubtedly alleges that defendant availed himself of the privilege of "conducting activities" within the Commonwealth. These activities resulted in the tortious injury, so it is alleged, to plaintiffs. There is nothing offensive in the Due Process context in requiring defendant to respond to a suit in the Courts of this Commonwealth (or in this Court) seeking damages for the injuries allegedly sustained.

Accordingly, the motion to dismiss must be denied.