**Kenneth Glen LUKE**

v.

**DALOW INDUSTRIES, INC.**

**Civ. A. No. 83–0242–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 15, 1983.

Jay G. Kauffman, Richmond, Va., for plaintiff.

A.C. Epps, Dennis O. Laing, William B. Cave, Christian, Barton, Brent & Chappell, Richmond, Va., for defendant.

## ORDER

WARRINER, District Judge.

This removed action is before the Court on defendant's motion to dismiss.

Petitioner, Dalow, was the defendant in the civil action brought against it in the Circuit Court of the City of Richmond, Division I, entitled *Kenneth Glen Luke v. Dalow Industries, Inc.* That action was instituted by plaintiff Luke by the filing of his motion for judgment on 22 March 1983. Plaintiff

served upon the Secretary of the Commonwealth the motion for judgment pursuant to Va.Code § 8.01–328.1 (Supp.1982) (hereinafter the long-arm statute). Defendant Dalow filed in the Circuit Court its motion to quash process and to dismiss.

█ Having properly removed the action, defendant now seeks a ruling from this Court on its motion to dismiss. The burden is on plaintiff to establish jurisdiction through proof of proper service of process pursuant to Virginia statute even though the action is removed from a Virginia court to federal court. *Consolidated Engineering Co. v. Southern Steel Co.,* 88 F.R.D. 233, 235 (E.D.Va.1980).

█ The construction of a long-arm statute involves a two-step analysis. It must be determined whether the statutory language of the long-arm statute permits service of process under the particular facts and circumstances on a nonresident defendant, and then it must be determined whether the exercise of personal jurisdiction under the statute violates the due process clause of the United States Constitution. *Haynes v. James H. Carr, Inc.,* 427 F.2d 700, 703 (4th Cir.1981).

█ Considering the particular facts and circumstances, defendant argues that Luke's complaint should be dismissed for three reasons. First, defendant says, Va. Code § 8.01–329(A1) (Supp.1982) was not complied with. This new subsection was added in 1977 and states in part:

> When service is to be made on the Secretary, the party seeking service shall file an affidavit with the court, stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served. In either case, such affidavit shall set forth the last known address of the person to be served.

*Id.*

The affidavit in this case was executed by Jay G. Kauffman, attorney for Luke, the party plaintiff. This new subsection is a part of an extremely technical area of the law. Its language was presumptively carefully chosen to further some appropriate official purpose. The General Assembly chose "party" to designate who should file the affidavit. Kauffman, a nonparty, is not within the explicit terms of the statute dealing with this carefully structured area of the law.

The Virginia Supreme Court dealt with a similar problem in *Fayette Land Co. v. Louisville & N.R.,* 93 Va. 274, 24 S.E. 1016 (1896). The court there interpreted a Virginia statute [1] that required that an affidavit state that unknown persons interested in the subject matter of the suit were, in fact, "unknown." The statute did not designate who the affiant need be. The court held that the statute was satisfied when an agent of the corporate plaintiff filed the affidavit. Since it would be impossible for a corporation, per se, to execute an affidavit the court found that the statutorily required affidavit could be executed by counsel as agent for plaintiff corporation. The court noted, significantly for purposes of this case, that the statute "does not say by whom the affidavit is to be made." *Id.* at 282, 24 S.E. at 1017. Here there is no impediment to the individual party plaintiff stating by affidavit that to his own knowledge the defendant is a non-resident and the last address known to the plaintiff. The knowledge of plaintiff's counsel is not sought by the statute.[2] Quite conceivably the lawyer's knowledge on the subject could be quite different from that of the plaintiff himself. But under the statute the lawyer's knowledge is immaterial. This statute does say by whom the affidavit is to be made. Thus the affidavit upon which service was based in this case was defective.

█ Second, defendant argues, plaintiff has not carried his burden in proving that, under the Virginia Code, the corporation was "transacting business" in this

---

1. See Va.Code § 3230 (Pollard 1904).

2. *Cf. Benn v. Hatcher,* 81 Va. 25, 33–36 (1885) (where a statute doesn't specify who must make the affidavit, anyone may do so.)

State. The general rule is, before a nonresident can be said to be transacting business in the State he must satisfy the minimum contacts rule. There must be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Dalow has on a few occasions exhibited its wares in Virginia and it has accepted, in New York, orders submitted by Virginia customers. The Fourth Circuit and the Virginia Supreme Court have found that a contract of sale accepted in a foreign State and performed there, such as in the instant case, would not satisfy the minimum contacts rule. *Bowman v. Curt G. Joa, Inc.,* 361 F.2d 706, 715 (4th Cir.1966); *Plywood Corporation of Virginia v. Kitchens,* 218 Va. 533, 535, 238 S.E.2d 800, 802 (1981). The total activities of Dalow within the State of Virginia cannot be said to have invoked the protection and benefit of the laws of the Commonwealth of Virginia so as to allow the use of the long-arm statute to obtain personal jurisdiction.

 The third reason advanced by defendant that Virginia's long-arm statute is not available to the plaintiff is that according to Va.Code § 8.01–328.1(B) (Supp.1982) the purported claim must arise from one of the specific acts enumerated within the statute and relied upon to establish jurisdiction. In the instant case plaintiff's claim does not deal with any solicitations for sales, sales, contracts or other "transactions" within the Commonwealth of Virginia. The claim deals only with an employment contract which admittedly was entered into in the State of New York. The Virginia Supreme Court has held that under Virginia law an employment contract is business transacted where the contract is made, without regard to where the employee may then or subsequently reside or work. *I.T. Sales, Inc. v. Dry,* 222 Va. 6, 9, 278 S.E.2d 789, 791 (1981). Thus plaintiff's jurisdictional transaction, even if valid, and the claim transaction, do not coincide. For this further reason Virginia's long-arm stat-

ute does not provide jurisdiction in this case.

For the above reasons the motion is GRANTED and the action will be DISMISSED without prejudice to plaintiff's right to proceed in a court where jurisdiction over defendant may be obtained.

And it is so ORDERED.