Montague v. Wilder

J. WARREN MONTAGUE AND ADELAIDE W. MONTAGUE v. J. WELLES
WILDER, JR.

No. 8518SC209

(Filed 17 December 1985)

1. **Constitutional Law § 26— Virginia default judgment—invalid under Virginia law—no full faith and credit**

A Virginia default judgment for a deficiency after a foreclosure was not entitled to full faith and credit where plaintiffs obtained service on defendant, a North Carolina resident, through service on the Secretary of the Commonwealth of Virginia under a Virginia statute which made the Secretary the fictional agent for nonresidents; defendant did not receive actual notice; the statute required an affidavit signed by the party; and the affidavit in this case was signed by plaintiffs' attorney. Substitute service is in derogation of the common law and must be strictly construed; moreover, other Virginia notice statutes used the terms party, agent, and attorney with specificity. U. S. Constitution Art. 4, § 1.

2. **Constitutional Law § 26— 1976 Virginia deficiency judgment—no notice—enforceable in North Carolina**

It was not error to enforce a Virginia deficiency judgment flowing from a 1976 Virginia foreclosure action for which defendant, a North Carolina resident, received no notice where a Virginia curative statute validates in all respects sales of foreclosure that occurred prior to October 1977 and were conducted in accordance with Virginia law as it existed at that time. This foreclosure occurred on 11 December 1976 and was conducted pursuant to the requirements in existence at that time.

Judge PHILLIPS dissenting.

APPEAL by defendant from *Friday (John R.), Judge*. Judgment entered 28 August 1984 in Superior Court, GUILFORD County. Appeal by defendant from *Washington (Edward K.), Judge*. Judgment entered 15 October 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 September 1985.

On 9 November 1983, in the Circuit Court of Franklin County, Virginia plaintiffs were awarded a deficiency judgment plus interest and costs against the defendant mortgagor by default derived from a 1976 Virginia foreclosure proceeding. On 9 February 1984, plaintiffs filed a complaint in Superior Court, Guilford County, requesting the North Carolina court to grant the Virginia deficiency judgment full faith and credit. On 28 August 1984, Judge John R. Friday denied defendant's motion to dismiss and granted full faith and credit to the Virginia judgment. Defendant

moved the court to alter or amend the 28 August judgment, to order a new trial or, in the alternative, to give notice of appeal. Plaintiffs moved for summary judgment. On 15 October 1984, Superior Court Judge Edward K. Washington granted summary judgment in favor of plaintiffs and ordered defendant to pay $15,698.30 plus interest from 11 December 1976. Defendant appeals.

*H. Marshall Simpson, for plaintiff appellees.*

*Evans B. Jessee of Roanoke, Virginia, for plaintiff appellees.*

*Richard C. Pattisall of Roanoke, Virginia, for plaintiff appellees.*

*Turner, Enochs & Sparrow, P.A., by Thomas E. Cone, for the defendant appellant.*

JOHNSON, Judge.

The ultimate issue that is presented is whether a North Carolina court must accord full faith and credit to the default judgment for a deficiency entered in Virginia flowing from a Virginia foreclosure action when the plaintiffs did not adhere to the notice requirements of the Virginia notice statute at the time they initiated the action. We think not.

In March 1972, defendant signed two notes as one of three makers. Both notes were secured by a purchase money deed of trust for the purchase of a tract of land in Virginia. In April 1972, the property was sold to a Virginia corporation. The deed of sale provided that the corporation assume all obligations under the notes and purchase money deed of trust. At the time of this purchase, and a short time thereafter, defendant had a partial interest in the corporation but subsequently sold his interest. The payments under the note were payable annually. When the annual payment due 4 June 1976 was not paid by the current owner of the property the plaintiffs initiated foreclosure proceedings. The foreclosure occurred 11 December 1976. Virginia foreclosure law required notice to only the present owner of the property. Defendant, a North Carolina resident, had no knowledge of the foreclosure until plaintiffs' Virginia attorney notified him by letter dated 7 October 1982, almost six years later. In this letter, plaintiffs' attorney informed defendant of the events surrounding the

foreclosure and the amount of the deficiency, and requested that defendant pay the deficiency. Two weeks later, defendant's attorney responded, acknowledging receipt of the letter and requesting copies of documents pertinent to the foreclosure.

Meanwhile, plaintiffs commenced an action against the defendant in Virginia seeking a deficiency judgment. Plaintiffs attempted service as to defendant pursuant to Va. Code sec. 8.01-329 (1984). This statute allows for substitute service of a nonresident by service on the Secretary of the Commonwealth of Virginia, the fictional agent for nonresident persons. In keeping with the statute, a copy of process was sent by certified mail, return receipt requested, to the same address where defendant had received the October 1982 letter from plaintiffs' attorney. The Secretary submitted to the court an affidavit of compliance. The receipt was returned to the Secretary unsigned with the letter marked "return to sender, moved, left no address." Defendant received no actual notice of this action. Defendant filed no pleadings. Default judgment was entered 9 November 1983. In February 1984 defendant was served in North Carolina with a summons and complaint requesting that full faith and credit be extended to the Virginia judgment. Defendant filed an affidavit with the North Carolina court stating he had had no knowledge of either the 1976 foreclosure or the 1983 deficiency action; nonetheless, the trial court granted the Virginia judgment full faith and credit. Defendant moved for a new trial or for an order amending the North Carolina judgment. Plaintiffs moved for summary judgment. Defendant's motions were denied and plaintiffs were granted summary judgment against defendant.

[1] The United States Constitution provides, "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, sec. 1. It has long been held that a judgment from a rendering state is entitled to the "same credit, validity and effect" in a sister state that it has in the state where it was pronounced. *Boyles v. Boyles*, 308 N.C. 488, 490, 302 S.E. 2d 790, 792 (1983), *quoting Hampton v. M'Connel*, 3 (Wheat.) 234, 235, 4 L.Ed. 378, 379 (1818). The foreign judgment need be valid in the state where it was rendered to be accorded full faith and credit—to require less would result in giving the foreign judgment more force than it would receive in the rendering state. *Boyles v. Boyles, supra* at 491, 302

S.E. 2d at 793. The judgment is deemed by the second court to be valid in the rendering state if the minimal requirements of proper subject matter jurisdiction, *see Underwriters Nat'l Assur. Co. v. North Carolina Life and Accident and Health Ins. Guar. Ass'n,* 455 U.S. 691, 704, 102 S.Ct. 1357, 1365, 71 L.Ed. 2d 558, 570 (1982), and the due process concerns of personal jurisdiction, *see Int'l Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and adequate notice, *see Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), were satisfied. *Boyles v. Boyles, supra* at 491, 302 S.E. 2d at 793. The second court's scope of review concerning the rendering court's jurisdiction is very limited. *Id.* "[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the judgment." *Id., quoting Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed. 2d 186, 191 (1963). A "mere recital in the [Virginia] judgment," *Boyles v. Boyles, supra* at 500, 302 S.E. 2d at 798 (Martin, J., dissenting), that the court had proper jurisdiction and proper service is not deemed by the majority in *Boyles* to be a full and fair litigation of these issues. *Id.* at 491-92, 302 S.E. 2d at 793. The limited review by the second court "rests on the presupposition that the requirement of adequate notice had been met in the original proceeding." *Id.* When the judgment from the rendering state is a default judgment and the defendant later challenges the validity of the original proceeding based on inadequate notice of these proceedings, "the reviewing court ordinarily must examine the underlying facts in the record to determine if they support the conclusion that the notice given of the original proceeding was adequate." *Id.* While conducting this examination the statutes and decisions of the rendering state must be applied. *Id.* at 494, 302 S.E. 2d at 795.

In the instant case, the parties do not dispute that the Virginia court had proper subject matter jurisdiction. Consequently the proper scope of review for a North Carolina court is confined on these facts to the questions: (1) whether the Virginia court properly applied the pertinent statute regarding personal jurisdiction and notice; and (2) whether the applicable Virginia statutes satisfied the due process requirements of the fourteenth amendment.

First we address this two-fold inquiry to the question of personal jurisdiction. Plaintiffs claim the Virginia court had personal jurisdiction over the defendant based on Virginia's long-arm statute. Sec. 8.01-328 provides a nonresident is subject to the personal jurisdiction of Virginia on the grounds of his having transacted business in Virginia or having had an interest in real property located in Virginia. Va. Code secs. 8.01-308(1) and (6) (1984). Based on defendant's own affidavit, he did buy a tract of land in Virginia and, in connection with this purchase, signed a note in Virginia secured by a purchase money deed of trust. The Virginia court had personal jurisdiction on these facts pursuant to the Virginia long-arm statute.

In *Navis v. Henry*, 456 F. Supp. 99 (E.D. Va. 1978), a federal district court sitting in Virginia reviewed this long-arm statute and held that it passed constitutional muster. We are persuaded by that court's conclusion. We also deem this statute constitutional.

Next, we address our two-fold inquiry to the issue of notice. Defendant contends that the notice given failed on both counts: that it (1) did not satisfy the requirements set forth in the Virginia statute and (2) did not satisfy the due process requirements of notice reasonably calculated to inform the litigant. The pertinent statute is Va. Code sec. 8.01-329 (1984). This statute provides for substitute service of process or notice on a nonresident by serving on the nonresident in the same manner provided for service of process or notice on a resident, or by serving the Secretary of the Commonwealth of Virginia, the fictional statutory agent of the nonresident. The statute continues:

A1. When service is to be made on the Secretary, the party seeking service shall file an affidavit with the court, stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served. In either case, such affidavit shall set forth the last known address of the person to be served.

B. Service of such process or notice on the Secretary shall be made by leaving a copy of the process or notice, together with a copy of the affidavit called for in paragraph A1 hereof and the fee prescribed in [sec.] 14.1-103 in the office of the

Secretary in the city of Richmond, Virginia. Such service shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith sent by registered or certified mail, with delivery receipt requested, by the Secretary to the person or persons to be served at the last known post-office address of such person, and an affidavit of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action.

. . . .

Va. Code sec. 8.01-329 (1984).

As stated above, before a North Carolina court can grant full faith and credit to the Virginia default judgment, the North Carolina court must ask whether the plaintiffs complied with the Virginia notice statute. We look to what Virginia courts have held constitutes satisfactory compliance with this statute and with other Virginia notice statutes. Statutes which are not inconsistent with another and which relate to the same subject matter are held to be in "pari materia" and should be construed together. *Soble v. Herman*, 175 Va. 489, 9 S.E. 2d 459 (1940).

Regarding defendant's first alleged defect, the statute reads, "[T]he party seeking service shall file an affidavit with the court. . . ." Va. Code sec. 8.01-329(A)(1). The affidavit at issue was not the affidavit of either of the plaintiffs but was the affidavit of their attorney. The affidavit read, "The undersigned, Evans B. Jessee, agent and attorney for the plaintiffs, J. Warren Montague and Adelaide W. Montague, makes oath and says: . . . ." The attorney's signature appears at the bottom of the affidavit. Defendant asserts that this is not in keeping with the statutory requirement that the *party* seeking service file an affidavit. At the time the affidavit was submitted to the Secretary of the Commonwealth no Virginia case law construed the meaning of this statutory language. We look to related Virginia cases for guidance. When constructive service of process is allowed in lieu of personal service, the terms of the section must be strictly construed. *Crockett v. Etter*, 105 Va. 679, 54 S.E. 864 (1906). Substitute service on a statutory agent is in derogation of the

common law and must be strictly construed. *Warner v. Maddox,* 68 F. Supp. 27 (W.D. Va. 1946).

Other Virginia notice statutes make use of the words *party, agent* and *attorney.* Sec. 8.01-296 provides for service on a natural person, stating "[i]f the *party* to be served be not found at his usual place of abode . . . [service may be made upon] a member of his family [found there]." Va. Code sec. 8.01-296(2)(a) (emphasis added). This language allows no inference that the attorney or an agent of the party would suffice for the party himself. When the Virginia legislature contemplated service on an agent of the party or an attorney of the party, they indicated so clearly in the statute. Sec. 8.01-301 allows for service on a foreign corporation, stating that one manner of service is personal service on "any officer, director or on the registered *agent* . . . wherever any such officer, director, or *agents* be found within the Commonwealth." Va. Code sec. 8.01-301(1) (emphasis added). Sec. 8.01-308 proscribes substitute service on a nonresident motor vehicle operator whereby "[a]ny operation in the Commonwealth of a motor vehicle by a nonresident . . . either in person or by an *agent* or employee, shall be deemed equivalent to an appointment by such nonresident of the Commissioner . . . to be the *attorney* or statutory *agent* of such nonresident. . . ." Va. Code sec. 8.01-308 (emphasis added). Sec. 8.01-319 addresses service by publication, stating, "If such absent *party* has an *attorney* of record in such suit, notice shall be served on such *attorney,* as provided by [sec.] 8.01-314." Va. Code sec. 8.01-319(B)(4) (emphasis added).

The above excerpts from the Virginia notice statutes use the terms *party, agent* and *attorney* with specificity. It is indeed reasonable to infer that the Virginia legislature intended the same specificity when they chose the word *party* in sec. 8.01-329. For this reason, coupled with case law demanding strict construction, we hold that sec. 8.01-329 requires the affidavit to be the sworn statement of the *party* and no one else. This construction of the language leads necessarily to the same conclusion even when the attorney, as in the case at bar, attempted to bootstrap the affidavit by referring to himself as "the attorney *and* agent" for the party (emphasis added). This vain gesture by the attorney could be interpreted as an acknowledgment that his signature, in the capacity of attorney alone, was insufficient under the statute.

Approximately six months after the plaintiffs' attorney signed the affidavit at issue, a federal district court for the Eastern District of Virginia construed the language of sec. 8.01-329 and held that an affidavit of the attorney did not satisfy the requirement that the affidavit be filed by the party. *Luke v. Dalow Indus., Inc.*, 566 F. Supp. 1470 (E.D. Va. 1983). Although we recognize *Luke, supra*, is not controlling as to this case, we agree with its result. That court concluded the language of the statute was "carefully chosen to further some appropriate official purpose." *Id.* at 1471.

Had defendant received actual notice of the Virginia deficiency action, the defective service under the substitute service statute would not be fatal to the Virginia judgment. Actual notice, that is, that which actually and timely reaches the person to whom it is directed, is sufficient even when not served in accord with Virginia notice statutes. Va. Code sec. 8.01-288. The record indicates no such actual notice even though the plaintiffs had been in written communication with defendant's North Carolina attorney. Failure of actual notice rests with the plaintiffs in the instant case in that, even though they were communicating with defendant's North Carolina attorney, they appeared to have made no effort to use an alternative manner of service, relying solely upon the Virginia statute for substitute service on a nonresident.

[2] Having found insufficient compliance with the Virginia notice statute, this Court need not address the other issues related to the notice statute, namely, whether the statutory requirement that notice be mailed "to the last known address" was satisfied and whether the statute, as applied, satisfied the due process requirements set forth in *Mullane, supra*. The Court, however, will address defendant's assertion that it is error to enforce a Virginia deficiency judgment that flows from a foreclosure action for which he received no notice. Defendant claims that, because he had no knowledge of the 1976 foreclosure in Virginia, it and any subsequent deficiency is invalid as to him. The Virginia foreclosure statute in effect at the time of the foreclosure required notice to only the "present owner." Va. Code sec. 55-59 (1950). There was no statutory requirement to notify the mortgagor if he was other than the present owner. The defendant questions the constitutionality of sec. 55-59. The defendant's challenge comes

too late. A Virginia curative statute precludes further inquiry into this issue on these facts. The curative statute validates in *all* respects sales of foreclosure that occurred prior to 1 October 1977 and were conducted in accordance with the law of Virginia as it existed on 30 June 1977. Va. Code sec. 55-65.1 (1981) (emphasis added). The foreclosure at issue occurred 11 December 1976 and was conducted pursuant to the requirements in existence at that time.

In light of our holding, we do not find it necessary to address defendant's remaining assignments of error related to the face of the order entered 28 August 1984.

In conclusion, the constructive notice of defendant failed for lack of strict compliance with the Virginia statute. No actual notice was attempted or inadvertently accomplished. An invalid default judgment for a deficiency was rendered according to Virginia law. A judgment invalid in Virginia is not entitled to full faith and credit in North Carolina.

For the foregoing stated reasons judgments of the Superior Court, Guilford County granting full faith and credit to the Virginia judgment and granting summary judgment thereon are

Vacated.

Judge WEBB concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I dissent. In my opinion the Virginia judgment against defendant is entitled to full faith and credit and the affidavit of plaintiffs' attorney fully complied with the requirements of the Virginia notice statute. I see no sensible, worthwhile reason for requiring parties to do the routine tasks incident to processing lawsuits that they hire lawyers to do and do not believe that the purpose and effect of the Virginia statute was to impose any such requirement. I would affirm the judgment appealed from.