ERLICH FOODS INTERNATIONAL v. 321 EQUIPMENT COMPANY

No. 8527SC826

(Filed 1 April 1986)

Constitutional Law § 26.1— full faith and credit—foreign judgment obtained without jurisdiction

Defendant did not have sufficient contacts with the State of California to allow a court of that state to exercise personal jurisdiction over defendant, and the superior court properly refused to give full faith and credit to the default judgment entered against defendant in California, where the California court struck defendant's special appearance to contest jurisdiction over it and thus did not litigate defendant's assertion that it had insufficient contacts with California to permit the courts of that state to exercise personal jurisdiction over it, and where the evidence supported findings by the trial court that plaintiff's action arose from a contract defendant made in North Carolina with a Missouri corporation to deliver poultry from Mississippi to Massachusetts, that defendant has no employees or agents in California and does not advertise or solicit business in that state, that defendant was not licensed to do business in California, and that defendant has not done business in California in the past.

APPEAL by plaintiff from *Saunders, Chase B., Judge.* Judgment entered 21 February 1985 in Superior Court, GASTON County. Heard in the Court of Appeals 6 December 1985.

On 9 April 1984, plaintiff, Erlich Foods International, instituted this action in North Carolina with the filing of a complaint alleging, *inter alia,* that it was entitled to have the Gaston County Superior Court of North Carolina give full faith and credit to a default judgment entered in a superior court of the state of California against defendant, 321 Equipment Company. Plaintiff's California complaint alleged four causes of action (1) breach of contract, (2) negligence, (3) an account stated in writing, and (4) an open book account. Attached to plaintiff's complaint filed in North Carolina was a duly certified, attested and exemplified copy of the California judgment against defendant in the sum of $17,668.69 plus costs in the amount of fifty-one dollars ($51.00). (*Erlich Foods International v. 321 Equipment Company,* Los Angeles County Superior Court Case No. 270250.)

Plaintiff, Erlich Foods International, is a California corporation with its principal office in Los Angeles, California. Defendant,

321 Equipment Company is a North Carolina corporation with its principal office in Gaston County. On 30 May 1984, defendant responded to plaintiff's complaint filed in Gaston County with the filing of a 12(b) pre-answer motion to dismiss for insufficient service of process in the California action. Defendant filed an affidavit, signed by its president, asserting *inter alia*, that defendant had no contacts with the state of California and that the incident which gave rise to the California judgment did not arise through any contacts with the state of California.

On 31 December 1984, plaintiff filed a response to defendant's pre-answer motion to dismiss. Attached to plaintiff's response were the following: affidavit of Jerome B. Smith; requests for admissions and answers; the exemplified copies of the California judgment along with the court files pertinent thereto. The affidavit of Jerome B. Smith, attorney of record for plaintiff in the California action, purported to chronicle the case history of the California action. Attorney Smith asserted that on 6 March 1979, he received a copy of a letter to the Los Angeles Superior Court Clerk from defendant's attorney purporting to be a special appearance contesting jurisdiction. Attorney Smith stated in his affidavit that he moved the court for a default judgment against defendant after defendant had not "answered, responded, or made a special appearance to quash service." Included in the court files submitted by plaintiff were the declarations of two individuals asserting that they had telephone conversations with officials of defendant, 321 Equipment Company. These two individuals asserted that the company officials to whom they spoke indicated that defendant had previously done business in California.

On 3 January 1985, defendant filed a supplemental motion to dismiss on the grounds that the California judgment was entered contrary to its Rules of Civil Procedure and against public policy, to wit: pursuant to California Code of Procedure Section 430.30(c) defendant was not required to file an answer along with a demurrer and upon the court's striking of defendant's motion to dismiss defendant should have been allowed additional time to file an answer or other responsive pleadings.

On 18 February 1985, proceedings were held before Judge Saunders, whereby Bernard Dalton, owner of defendant, 321 Equipment Company, testified with respect to any of his com-

pany's contacts, or the lack thereof, with the state of California. On 21 February 1985, after reviewing the pleadings, affidavits, declarations, and hearing oral arguments and oral testimony of Mr. Dalton, the court made findings of fact and concluded as a matter of law that defendant does not have sufficient contacts with the state of California for the California courts to exercise personal jurisdiction over defendant. The court also concluded that the California court's failure to allow defendant additional time for responsive pleadings denied defendant of its due process of law. Defendant's motion to dismiss was granted and the case dismissed. From the 21 February 1985 order dismissing this action plaintiff appeals.

*McElwee, McElwee, Cannon & Warden, by John P. McElwee, for plaintiff appellant.*

*Charles D. Gray, III, for defendant appellee.*

JOHNSON, Judge.

In the case *sub judice* we are called upon to decide the jurisdictional question of whether, consistent with the due process clause of the fourteenth amendment to the United States Constitution, defendant had sufficient contacts with the state of California to allow a superior court of that state to exercise personal jurisdiction over defendant, thereby entitling plaintiff to have the Superior Court of North Carolina give full faith and credit to the California default judgment entered against defendant. We hold that defendant did not have sufficient contacts with the state of California to allow a superior court of that state to exercise jurisdiction over defendant and therefore the trial court was correct in not giving full faith and credit to the California judgment.

The United States Constitution provides "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV sec. 1. We acknowledge that we would be bound by the judgment entered in our sister state if the jurisdictional question raised by defendant had been fully and fairly litigated in the superior court of California from whence the judgment in question was entered. *See generally Hosiery Mills v. Burlington Industries, Inc.,* 285 N.C. 344, 204 S.E. 2d 834 (1974) (judgment entered in the state of

New York was not entitled to full faith and credit in the North Carolina Superior Court and therefore the affirmative defense of *res judicata* by virtue of an award of arbitrators and upheld by the New York Supreme Court could not be asserted by defendant).

In the case *sub judice* the North Carolina Superior Court found as fact the following:

> 13. That from the Court file, the Defendant's special appearance to contest jurisdiction was stricken by the Court and the California Court made no determination as to whether or not the Court had jurisdiction over the foreign corporation.

After extensively reviewing the aforementioned documents upon which Judge Saunders based finding No. 13, we agree with his finding. Our review reveals that: plaintiff did submit in writing to the California court a document dated 1 March 1979 entitled "SPECIAL APPEARANCE TO CONTEST JURISDICTION." This document moved the court to dismiss the action for lack of jurisdiction over the person of defendant. Attached thereto was a sworn affidavit of Bernard Dalton as president of 321 Equipment Company, denying any contacts with the state of California which would be sufficient to allow a California court to exercise jurisdiction over defendant, 321 Equipment Company. A document entitled "ARGUMENT IN SUPPORT OF SPECIAL APPEARANCE TO CONTEST JURISDICTION" was submitted by defendant in support of its special appearance to contest jurisdiction. The document stated, *inter alia*, "321 Equipment Company has no contacts whatsoever with the state of California, and that the service obtained in this matter was defective." Defendant further argued consistent with its special appearance that the California court did not have jurisdiction over it. Thereafter, plaintiff unsuccessfully attempted to enter default against 321 Equipment Company but the "clerk . . . declined to do so." In November 1979, defendant's counsel received a copy of a document entitled "NOTICE OF MOTION AND MOTION FOR AN ORDER ENTERING DEFAULT AGAINST 321 EQUIPMENT COMPANY, POINTS & AUTHORITIES AND DECLARATION OF JAMES WESTON AND BRUCE ALTSCHULD IN SUPPORT THEREOF." The basis for plaintiff's motion entailed allegations that documents filed by defendant did not constitute proper responses to a serving of

summons and complaint and "[did] not serve to make a proper challenge to jurisdiction." In the preliminary statement to plaintiff's "POINTS & AUTHORITIES" plaintiff requested the following:

> Under these circumstances, it is Plaintiff's position that the Defendant has made no adequate attempt to challenge the jurisdiction of the court and in fact has, in effect, not responded to the Court's summons in an appropriate manner. Therefore, Plaintiff respectfully requests that Defendant's 'Special Appearance to Contest Jurisdiction' should be stricken and Default should be entered against the Defendant.

Plaintiff's motion for an order entering default of defendant was heard on 27 November 1979 in the Los Angeles Superior Court. Defendant was not represented at this hearing on plaintiff's motion. Pursuant to plaintiff's motion the court "ordered that the special appearance of 321 EQUIPMENT COMPANY be stricken and that default be entered against Defendant, 321 EQUIPMENT COMPANY." The court did not consider any of defendant's grounds for contesting the California court's exercise of personal jurisdiction over defendant. The court merely granted plaintiff's request to strike defendant's pleadings because of plaintiff's assertion that they were improper responses to its complaint and summons. We hold that by striking defendant's special appearance the court effectively precluded the full and fair litigation of defendant's assertion that the California court should not be allowed to exercise *in personam* jurisdiction over it.

We now address the question of whether pursuant to the California long-arm statute the assumption of *in personam* jurisdiction by a California court over defendant offends the due process clause of the United States Constitution. Our review of the North Carolina Superior Court's decision to deny full faith and credit to the California judgment is to be guided by the statutes and decisions of the courts of California. *Montague v. Wilder, Jr.*, 78 N.C. App. 306, 337 S.E. 2d 627 (1985). The California long-arm statute states, "A court may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code sec. 410.10.

The basic test as stated by the California courts with which we are to determine if *in personam* jurisdiction may fairly be exercised over defendant is as follows:

> The basic test is whether the quality and nature of the defendant's activity in relation to the particular cause of action make it fair to exercise jurisdiction. The cause of action must arise out of an act done or a transaction consummated in the forum, or the defendant must perform some other act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws.

*Foster v. Mooney Aircraft Corp.*, 68 Cal. App. 3d 887, 892, 137 Cal. Rptr. 694, 697 (1977). The pertinent findings of fact made by the North Carolina Superior Court are as follows:

> 1. The Plaintiff is a California corporation with its principal office in Los Angeles, California.

> 2. The Defendant is a North Carolina corporation with its principal office in Gaston County, North Carolina.

> 3. That on July 12, 1978, the Plaintiff, who is a poultry broker, contracted with Truckers Exchange Company to deliver an order of frozen poultry from Mississippi to Massachusetts.

> 4. Truckers Exchange Company is a Mississippi corporation.

> 5. Truckers Exchange Company contracted in North Carolina with the Defendant to make the delivery of the said poultry from Mississippi to Massachusetts and the Defendant pursuant to said contract, delivered the poultry from Mississippi to Massachusetts by the most direct route.

> 6. Because of disagreement over the temperature of the poultry on delivery, the poultry was rejected by the ultimate buyer, the U.S. Army, resulting in alleged losses by the plaintiff.

> 7. The plaintiff filed a lawsuit in the Superior Court of the State of California for the county of Los Angeles on January 24, 1979, naming as Defendants, Truckers Exchange Company and the Defendant herein.

8. On March 9, 1979, the Defendant, 321 Equipment Company, filed a Motion To Dismiss the California action as to it and made a special appearance contesting jurisdiction on the grounds that Defendant did not have sufficient contacts with the state of California to permit personal jurisdiction.

9. The Defendant, 321 Equipment Company, does not maintain an office in the state of California, has no employees, agents or other personnel in the State of California, does not advertise, promote or solicit business in the State of California and the incident which is the subject of this lawsuit did not arise out of any contract for services or goods to be made, performed or delivered within the State of California.

10. The only evidence in the California case and in the North Carolina case that the Defendant had any contacts at all with the State of California are two declarations filed by James Weston and Bruce Altschuld stating that they had talked with some person in North Carolina that indicated the Defendant had delivered cargo in the past in California.

11. That the aforesaid affidavits by James Weston and Bruce Altschuld were refuted by oral testimony of F. Brenard (sic) Dalton and further, the aforesaid affidavits were based on inadmissible hearsay evidence.

The foregoing findings of fact made by the trial court are amply supported by the record in the case *sub judice*. Whenever affidavits filed in support of motions to quash service of process for lack of jurisdiction are in conflict with those opposing it, we must deem that the trial court resolved such conflicts against the appellant and in support of its order. *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.*, 276 Cal. App. 2d 610, 81 Cal. Rptr. 320 (1969).

On 18 February 1985, Bernard Dalton testified in proceedings in the Superior Court of Gaston County. Mr. Dalton's testimony supports the court's findings and establishes that defendant was not licensed to do business in California. James Weston, in his Declaration, purported to have spoken by telephone with a person named Bill Byers, who said that he was part owner of defendant, 321 Equipment Company. Mr. Weston stated that the telephone number he used was (704) 867-2317. Mr. Dalton testified that Mr.

Erlich Foods International v. 321 Equipment Co.

Byers never had been connected with defendant, 321 Equipment Company. Moreover, Mr. Dalton testified that the telephone number (704) 867-2317 is the telephone number of another company named 321 Equipment Leasing Company. The telephone number used by defendant, 321 Equipment Company, is (704) 867-2315. Bruce Altschuld, in his Declaration, stated that he used telephone number (704) 867-2314 to call 321 Equipment Company. However, Mr. Altschuld could not even recall whom he spoke with on the telephone. Mr. Altschuld declared that this unidentified person "indicated" that defendant had done business in California in the past. However, Mr. Dalton's testimony established the fact that defendant, 321 Equipment Company, was not licensed to do business in the state of California prior to the filing of this lawsuit. The record supports Mr. Dalton's assertion that defendant, 321 Equipment Company, was not licensed to do business in the state of California and that it was not within the realm of possibility that defendant hauled freight to California prior to deregulation.

We conclude that (1) the quality and nature of defendant's activity in relation to his particular cause of action does not make it fair for a California Court to exercise jurisdiction; (2) plaintiff's cause of action does not arise out of an act done or transaction consummated in California; (3) defendant has not performed any act by which it purposely availed itself of the privilege of conducting activities in the forum, and did not invoke the benefit and protection of California's laws; (4) under California law defendant does not have sufficient minimum contacts with the state of California to subject defendant to jurisdiction in that state. Accordingly, the judgment is

Affirmed.

Judges WHICHARD and PHILLIPS concur.