983 F.2d 1056
 24 Fed.R.Serv.3d 1266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Federico J. HEADLEY, Plaintiff-Appellant,
v.
Randolph MEANS, Individually and in his official capacity as
Deputy Sheriff of Prince Georges County, Maryland; James B.
Wolcott, Individually and as Deputy Sheriff of Prince
Georges County, Maryland; James V. Aluisi, Individually and
as Sheriff, Prince Georges County, Maryland; Clarence N.
Norman, Individually and as Assistant Sheriff and Legal
Counsel of Prince Georges County, Maryland; Samuel F.
Saxton, Individually and as Administrator, Prince Georges
County Adult Detention Center, Maryland; James R. Booker,
Lieutenant; R. T. Morris, Sargeant; Bobby W. Soles,
Assistant Warden; Peggy Spicer, Counselor; David K. Smith,
Warden, Defendants-Appellees.
 No. 92-6690.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 11, 1992
Decided: January 15, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-91-62-R)
 Federico J. Headley, Appellant Pro Se.
 Crystal Renee Dixon, COUNTY ATTORNEY'S OFFICE, Upper Marlboro, Maryland. Jeanette Dian Rogers, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Federico J. Headley appeals from district court orders that dismissed his 42 U.S.C. § 1983 (1988) complaint against some Defendants on the merits and against other Defendants for failing to serve process under Fed. R. Civ. P. 4(j) and denied reconsideration of that order. We vacate the dismissl of Defendants for failure to serve process. Otherwise, we affirm.
 
 
 2
 Headley, a Virginia inmate proceeding pro se and in forma pauperis, filed a § 1983 action in which he alleged that officers from the Prince Georges County Sheriff's Department of Maryland visited him at the Buckingham Correctional Center in Virginia and verbally and physically abused him. He sought declaratory and injunctive relief and damages.
 
 
 3
 The district court appropriately dismissed Saxton, the Director of the Prince Georges County Detention Center, because respondeat superior is generally inapplicable to § 1983 actions, see Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977), and because Headley did not allege his direct involvement. The district court also properly dismissed employees of the Buckingham Correctional Center because Headley did not allege their personal involvement in the incident either. The district court dismissed employees of the Prince Georges County Sheriff's Department under Fed. R. Civ. P. 4(j) because it determined that service could not be obtained on them because they did not reside in Virginia. The court noted that Headley could file his action in the Maryland district court.
 
 
 4
 If service of the summons and complaint is not effected upon a defendant within 120 days after filing of the complaint and there is no showing of good cause for the delay, the complaint can be dismissed as to that defendant without prejudice upon the court's own initiative. Fed. R. Civ. P. 4(j); Powell v. Starwalt, 866 F.2d 964 (7th Cir. 1989) (dismissal mandatory absent a showing of good cause); Norlock v. City of Garland, 768 F.2d 654 (5th Cir. 1985) (language of Rule 4(j) is mandatory). A district court's dismissal under Rule 4(j) is reviewed for abuse of discretion. Lovelace v. Acme Mkts, Inc., 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965 (1987); Whale v. United States, 792 F.2d 951 (9th Cir. 1986).
 
 
 5
 A district court can effect service within the state in which it sits or pursuant to that state's long-arm statute. Fed. R. Civ. P. 4(e). See also 4 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1075 at 494-96 (2d. ed. 1987). This rule applies in federal question cases. Combs v. Bakker, 886 F.2d 673, 675 (4th Cir. 1989). The court should consider two questions in determining whether it has jurisdiction over an out-of-state defendant: whether the long-arm statute of the state in which it sits provides authority for the assertion of jurisdiction, and whether the assertion of jurisdiction under the long-arm statute is consistent with the due process requirements of the Constitution. Brown v. American Broadcasting Co., Inc., 704 F.2d 1296, 1300 (4th Cir. 1983).
 
 
 6
 Under Virginia's long arm statute, a court may exercise personal jurisdiction over a person "who acts directly or by an agent, as to a cause of action arising from the person's ... [c]ausing tortious injury by an act or omission in this Commonwealth." Va. Code Ann. § 8.01328.1(A)(3) (Michie 1992). The due process considerations of the Constitution are not a limitation on this section, instead, the statute is "less inclusive" than due process. Navis v. Henry, 456 F. Supp. 99 (E.D. Va. 1978). A single act causing tortious injury by a "mere sojourner" within the state subjects that person to service of process under the Virginia long-arm statute without offending the Due Process Clause. Humphreys v. Pierce, 512 F. Supp. 1321 (W.D. Va. 1981); see also Brown, 704 F.2d at 1301-02 (upholding application of Virginia long-arm statute).
 
 
 7
 The district court relied on the fact that the employees of the Prince Georges County Sheriff's Department resided in Maryland in concluding that service could not be effected. However, because service could be effected under Rule 4(e), we vacate that dismissal and remand for further proceedings. In all other respects, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART; VACATED AND REMANDED IN PART