JOANN SNYDER LINDSEY v. SAMUEL L. LINDSEY

No. 7626DC956

(Filed 5 October 1977)

1. **Divorce and Alimony § 21.7— past due alimony and child support—statute of limitations**

    When the obligor under a judgment awarding alimony and child support is in arrears in the periodic payment of alimony and child support the court may, upon motion in the cause, judicially determine the amount then properly due and enter its final judgment for the total then properly due, and execution may issue thereon; however, periodic sums of alimony and child support which become due more than 10 years prior to the motion in the cause are barred by the 10 year limitation of G.S. 1-47.

2. **Divorce and Alimony § 24.10— child support—court order—child living with obligor—child reaching majority**

    The trial court erred in failing to reduce defendant father's obligation for past due child support pursuant to a court order for the time the children lived with him and for the time after which one child reached eighteen years of age.

**3. Divorce and Alimony § 17.2— alimony—court order—remarriage**

Defendant's obligation to make alimony payments to plaintiff pursuant to a court order terminated upon plaintiff's remarriage. G.S. 50-16.9(b).

**4. Divorce and Alimony §§ 20.3, 27— past due alimony and child support—attorney's fees—insufficient findings**

In a hearing on a motion in the cause for a determination of the amount owed by defendant to plaintiff for past due alimony and child support, the trial court erred in awarding judgment against defendant for counsel fees to plaintiff's counsel where, with respect to the child support portion of the judgment, the court failed to determine that plaintiff had insufficient means to defray the expense of the suit, and where the court failed to make sufficient findings of fact upon which it can be determined that the allowance was reasonable.

APPEAL by defendant from *Hicks, Judge.* Judgment entered 5 July 1976 in District Court, MECKLENBURG County. Heard in the Court of Appeals 23 August 1977.

The judgment appealed from was entered upon plaintiff's motion in the cause for a determination of the total sum in arrears upon judgments requiring defendant to make monthly payments of alimony and child support.

On 22 April 1964 plaintiff and defendant entered into a consent judgment awarding to plaintiff custody of the two minor children of the parties, and requiring, *inter alia,* that defendant pay to the plaintiff monthly the sum of $200.00 alimony and $75.00 support for each of the minor children (a total of $350.00 monthly).

On 10 March 1965 an order was entered in this cause which modified the original judgment by reducing the monthly payments and requiring that defendant, beginning with 10 April 1965, pay to plaintiff monthly the sum of $114.00 alimony and $43.00 support for each of the minor children (a total of $200.00 monthly).

On 21 October 1975 plaintiff filed the present motion in the cause. She alleged that Diane Lindsey (born 27 June 1952) began living with defendant in January 1969, and that Scott Lindsey (born 2 September 1960) lived with defendant from August 1970 until 1 November 1974. She also alleged that she remarried on 10 February 1973.

Plaintiff further alleged that defendant was obligated under "the terms of the orders entered in this cause" to pay the total sum of $20,049.00 through 15 September 1975. She further alleged that defendant had made certain payments during years beginning in 1964 through 15 September 1975. In her motion she alleged by the year the amounts paid to her during each of those years, totaling

$5,580.78. The amount plaintiff alleged was required to be paid under the previous orders less the total amount she alleged had been paid left a balance of $14,468.22. The trial judge found that the total of the payments required under the judgment dated 22 April 1964 and the order dated 10 March 1965 was $20,049.00; that defendant had paid the total sum of $5,580.78 through 15 September 1975; and awarded judgment for plaintiff in the sum of $14,468.22.

*Thomas R. Cannon for the plaintiff.*

*Francis O. Clarkson, Jr., and Stephen D. Poe, for the defendant.*

BROCK, Chief Judge.

[1] A judgment awarding alimony and child support is a judgment directing the payment of money, generally in future installments. When the obligor under such judgment is in arrears in the periodic payment of the alimony and child support the court may, upon motion in the cause, judicially determine the amount then properly due and enter its final judgment for the total then properly due, and execution may issue thereon. *See Barber v. Barber*, 217 N.C. 422, 8 S.E. 2d 204 (1940). However, periodic sums of alimony and child support which became due more than 10 years before the institution of this motion in the cause for a judicial determination of the amount due are barred by the ten year limitation of G.S. 1-47. *Arrington v. Arrington*, 127 N.C. 190, 37 S.E. 212 (1900). Statutes of limitation run as well between spouses as between strangers. *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965). Plaintiff's argument that G.S. 1-306 provides that there shall be no statute of limitations to bar alimony misses the point. G.S. 1-306 excepts "any judgment directing the payment of alimony" from the provision that execution may not issue on a judgment requiring "the payment of money . . . at any time after ten years from the date of the rendition thereof." The decree for periodic payments of alimony and support, in the absence of a provision in the decree itself which constitutes it a specific lien upon the property of the obligor, is not enforceable by execution until the arrears are reduced to judgment by a judicial determination of the amount then due. G.S. 50-16.7(i). *See*, 2 Lee, N.C. Family Law, § 165, p. 270. This is so because the decree for alimony and support may be modified as circumstances may justify.

It seems from a reading of plaintiff's motion and from a reading of the judgment from which this appeal was taken that the trial

judge took into consideration payments which became due more than ten years before the filing of this motion in the cause.

[2]   Diane Lindsey reached her eighteenth birthday on 27 June 1970. She lived with defendant from January 1969. Defendant is entitled to have his obligation to plaintiff reduced by $43.00 per month beginning January 1969 and continuing to 27 June 1970 because Diane was living with him, and is entitled to have it reduced by $43.00 per month thereafter because she attained her majority. It does not appear from the judgment that such reduction was allowed.

Scott Lindsey will not reach his eighteenth birthday until 2 September 1978. However, Scott lived with defendant from August 1970 until 1 November 1974. Defendant is entitled to have his obligation to plaintiff reduced by $43.00 per month beginning in August 1970 and continuing to 1 November 1974 because Scott was living with him. It does not appear from the judgment that such reduction was allowed.

[3]   Plaintiff was remarried on 10 February 1973. At the time of her remarriage the alimony and child support payments were required by the order dated 10 March 1965, which was not a consent decree. "If a dependent spouse who is receiving alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate." G.S. 50-16.9(b). It does not appear from the judgment that the trial judge took into consideration the termination on 10 February 1973 of plaintiff's right to alimony.

Defendant's argument that plaintiff is barred by laches from pursuing payments which became due within ten years next preceding the filing of this motion in the cause is untenable.

Defendant's argument that Diane, having reached her majority, is the only person who can assert a claim for any delinquency in the payment of the $43.00 per month for her support is likewise without merit. The plaintiff provided for the support of Diane until Diane went to live with defendant. Plaintiff is entitled to be reimbursed by defendant to the extent of the $43.00 per month defendant was obligated to pay.

[4]   The trial judge awarded judgment against defendant for counsel fees to plaintiff's counsel. However he failed to make sufficient findings of fact upon which it can be determined that the allowance was reasonable. See, Austin v. Austin, 12 N.C. App. 286, 296, 183 S.E. 2d 420, 427 (1971). Additionally, with respect to the child support portion of the judgment, G.S. 50-13.6 requires that

reasonable attorney fees may be ordered only when it is determined that plaintiff had "insufficient means to defray the expense of the suit." No such determination was made by the trial court.

For the failure of the trial judge specifically to exclude from consideration those payments which became due more than ten years before the filing of this motion in the cause; for the failure of the trial judge to specifically reduce defendant's obligations to pay plaintiff for the support of the children while they were living with him; for the failure of the trial judge specifically to reduce defendant's obligation to pay plaintiff for the support of Diane after she became eighteen on 27 June 1970; for the failure of the trial judge specifically to take into consideration the termination under G.S. 50-16.9(b) of plaintiff's right to alimony; and for the failure of the trial judge to find sufficient facts to support an order for defendant to pay plaintiff's counsel fees, the judgment entered must be vacated in its entirety and this cause remanded for a new hearing.

Judgment vacated.

Cause remanded.

Judges BRITT and MORRIS concur.