ELIZABETH ELAINE GRIFFITH v. BILLY NEAL GRIFFITH

No. 7726DC874

(Filed 5 September 1978)

1. **Divorce and Alimony § 23— child support arrearage—child over 18—jurisdiction of court to order payment of arrearage**

    Defendant's contention that the trial court did not have authority to entertain a motion in the cause to reduce to judgment the support payments alleged to be in arrears because the only minor child of the marriage had reached the age of majority is without merit, since the child became 18 on 2 March 1976; plaintiff sought and obtained judgment for only the amount of arrearage in child support which accrued until and including 2 March 1976; and the legal obligation to provide child support and the failure to meet that obligation both arose while the court had jurisdiction.

2. **Divorce and Alimony § 24— child support arrearage—motion in the cause to recover—real party in interest**

    In an action to recover past due child support payments, defendant's contention that the child, who had reached the age of 18, was the real party in interest rather than plaintiff mother is without merit since the custodial parent, who provides support which the other parent was legally obligated to provide, is the real party in interest in an action to recover the support so provided.

3. **Notice § 2; Rules of Civil Procedure § 5— notice served on attorney of record —sufficiency**

    The attorney who represented defendant in the action concerning child support thereby became the defendant's attorney of record and remained such

---

**Griffith v. Griffith**

---

by virtue of his failure to withdraw with leave of the court; therefore, notice of a motion in the cause for arrearage in child support could properly be served on defendant's attorney of record, and defendant could not complain of inadequate notice. G.S. 1A-1, Rule 5(b).

APPEAL by defendant from *Brown, Judge*. Order entered 25 July 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 16 August 1978.

This is an action to recover child support payments which are in arrears. In 1962 the plaintiff sued the defendant for divorce and, at the time of the divorce, the trial court ordered the defendant to pay child support. The defendant failed to comply with this order, and in August of 1969 the court found him to be in arrears. The court ordered him to pay the amount in arrears plus $600 to the plaintiff's attorney.

The defendant once again failed to comply with the court's order, and on 21 April 1976 the plaintiff filed a motion seeking judgment against the defendant for unpaid child support payments of $7,438.50 and for attorney's fees. By this time, neither the plaintiff, the defendant nor the child resided in North Carolina. The child became eighteen years of age shortly before this motion was filed.

In order to give notice to the defendant of the pending motion, the plaintiff's attorney mailed a letter of notice to the defendant at a Houston, Texas, address and to his attorney of record on the date the motion was filed. The letter addressed to the defendant was returned undelivered, but on 11 May 1976 the defendant's attorney of record responded to the notice by indicating that he was unable to contact his "former client," that the defendant was unaware of the pending action and that the attorney did not intend to make a personal appearance at the hearing.

On 13 May 1976, the court conducted a hearing on the motion and issued an order which set forth findings of fact and conclusions of law and rendered judgment against the defendant for the amount in arrears and the plaintiff's attorney's fees.

On 10 February 1977, the defendant filed a motion to dismiss and set aside the order of 13 May 1977 or, in the alternative, for a

new trial. The trial court entered an order denying the motion on 25 July 1977. The defendant appealed.

*Thomas R. Cannon for plaintiff appellee.*

*Weinstein, Sturges, Odom, Bigger, Jonas & Campbell, by T. LaFontine Odom and L. Holmes Eleazer, Jr., for defendant appellant.*

MITCHELL, Judge.

[1]  Defendant brings forward six assignments of error which are presented in three arguments. Basically, the defendant argues that the judgment of 13 May 1976 should not have been granted.

Defendant first contends that the trial court, in entering the 13 May 1976 judgment, lacked subject matter jurisdiction and that the motion to dismiss should have been granted. The defendant argues that the trial court did not have authority to entertain a motion in the cause to reduce to judgment the support payments alleged to be in arrears, as the only minor child of the marriage had reached the age of majority. We do not agree.

In 1962, the plaintiff and the defendant came before the trial court on the matter of the custody and support of their minor child. Where the parties invoke the jurisdiction of the court in such matters, the minor child becomes a ward of the court. As a result the court has continuing authority to compel the parents to fulfill their legal obligations to the child. *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 2d 299 (1972). Although the legal obligation of a parent to support his child ceases upon the child's emancipation, the court nevertheless continues to have authority to compel a parent to provide that support due before emancipation, so long as the action is not barred by the statute of limitations. *See Lindsey v. Lindsey,* 34 N.C. App. 201, 237 S.E. 2d 561 (1977).

In this case, the minor child became eighteen years of age on 2 March 1976. The plaintiff sought and obtained judgment for only the amount of arrearage in child support which accrued until and including 2 March 1976. The legal obligation to provide child support and the failure to meet that obligation both arose while the court had jurisdiction. The court did not extend its jurisdiction any further than was required to insure that the defendant

complied with its prior order for the support of his minor child. Therefore, the court had jurisdiction over the subject matter of this case.

[2] Defendant next contends that the plaintiff was not the real party in interest. Defendant argues that, since the minor child had become eighteen years of age, the child was the real party in interest rather than the mother. It is true that a minor child by his guardian may institute an action for his support. G.S. 50-13.4(a). However, it is also true that a parent having custody of a minor child may institute an action for the support of such child, and once an order for support has been obtained, the past due payments may be reduced to judgment by motion in the cause. G.S. 50-13.4(a), and 13.4(f)(8). The fact that a child becomes eighteen years of age does not prevent the parent having custody from having the past due payments which accrued while the child was a minor reduced to judgment. *See Lindsey v. Lindsey*, 34 N.C. App. 201, 237 S.E. 2d 561 (1977). If the custodial parent provides support which the other parent was legally obligated to provide, then the custodial parent is a real party in interest in an action to recover the support so provided. Therefore, the trial court correctly determined that the plaintiff was a real party in interest.

[3] The defendant next contends that he was not given proper notice of the motion in the cause to reduce to judgment the support payments alleged to be in arrears. We do not agree.

Although the defendant was not served personally in this case, G.S. 1A-1, Rule 5(b) allows service of notice of written motions by service on the attorney of record. This procedure, as explained in *United States v. Curry*, 47 U.S. 106, 110, 12 L.Ed. 363, 365 (1847):

> Is undoubtedly good and according to established practice in courts of chancery. No attorney or solicitor can withdraw his name, after he has once entered it on the record, without the leave of the court. And while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself.

The attorney upon whom notice was served represented the defendant in the action concerning child support and, thereby,

became the defendant's attorney of record. The relationship between a party and his attorney of record continues so long as the opposing party may enter a motion in the matter or apply to the court for further relief. *Weddington v. Weddington*, 243 N.C. 702, 92 S.E. 2d 71 (1956). Since that attorney did not withdraw from the case with leave of the court and motions might still be properly entered, he continued to be the defendant's attorney of record.

It is clear that notice may be served on the attorney of record and that such notice is notice to the party. G.S. 1A-1, Rule 5(b); *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1972). Since notice was properly served on the defendant's attorney of record, the defendant cannot now complain of inadequate notice absent a showing of extraordinary circumstances not presented by this case.

For the reasons stated, the order of the trial court is

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.