Boozer v. Wellman

JAMES C. BOOZER v. ROSALIND WELLMAN (FORMERLY ROSALIND BOOZER)

No. 8529SC1138

(Filed 20 May 1986)

Constitutional Law § 26.5— child support—Florida judgment—full faith and credit

    Florida judgments awarding defendant arrearages in child support and alimony and awarding her attorney's fees were entitled to full faith and credit where the Florida court had subject matter and personal jurisdiction, and plaintiff had notice of the action against him.

APPEAL by plaintiff from *Friday, John, Judge*. Judgment entered 5 June 1985 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 14 February 1986.

On 3 November 1983, plaintiff filed a petition with the Clerk of Superior Court of Transylvania County seeking a partition by sale of certain tracts of land and an equal division of the proceeds. In that petition plaintiff alleged that he and defendant were formerly married, that defendant had "obtained a divorce in Florida," that ownership of the tract of land at issue was as tenancy by the entirety, but, since the divorce, had been converted by law to a tenancy in common. In an answer and counterclaim filed 30 November 1983, defendant alleged in part that she is a resident of Florida, that plaintiff was formerly a resident of Florida, that on 13 October 1982, she obtained one judgment against plaintiff in the amount of fifty-eight thousand four hundred fifteen dollars and fifty-eight cents ($58,415.58) and a companion judgment ordering attorney's fees. Defendant prayed that the court grant full faith and credit to the Florida decrees. In plaintiff's reply he maintained that "the so called Judgment and all other elements of [that] action . . . are void and ineffective as to the Petitioner [plaintiff]." On 27 March 1985, defendant moved for summary judgment for the sum of $58,415.58 plus twelve percent (12%) interest from 13 October 1982 and for attorney's fees in the amount of six thousand seven hundred ninety-five dollars and seventy-five cents ($6,795.75) plus twelve percent (12%) interest from 29 November 1983. In support of defendant's motion, she submitted to the court certified records of the Florida action in the Circuit Court of the Eleventh Judicial Circuit, Dade County. The record indicates plaintiff filed nothing in opposition to defendant's motion. On 5 June 1985, the court, having "heard

arguments of Counsel and considered the authority submitted to it," held that plaintiff "was duly served, participated in and appealed from the Florida decree" and that the Florida decrees were entitled to full faith and credit. Accordingly, the court allowed defendant's motion for summary judgment and ordered plaintiff to pay the sums prayed for in defendant's motion. The matter was retained for the determination of setoffs due plaintiff and other matters at issue. Plaintiff appeals.

*Ramsey, Cilley and Perkins, by Robert S. Cilley, for plaintiff appellant.*

*White & Dalton, by William R. White, for defendant appellee.*

JOHNSON, Judge.

The sole issue before us is whether the Florida judgment and the companion judgment for attorney's fees should be accorded full faith and credit in a North Carolina court. We think they should.

The facts pertinent to this appeal as they appear from the record are as follows: On 20 December 1976, plaintiff in this action was served by a sheriff from the Transylvania Sheriff's Office with a complaint signed by defendant, an amended complaint, and a summons issued from the Circuit Court of the Eleventh Judicial Circuit of Florida, Dade County, Florida. In defendant's complaint she petitioned, *inter alia,* for a dissolution of the marriage, child custody of James Christopher Boozer, the minor born of the marriage, child support, alimony and attorney's fees. In this complaint defendant alleged that plaintiff and defendant jointly owned the marital residence located at 9480 S.W. 25th Drive, Miami, Florida. In defendant's amended complaint she alleged that plaintiff had removed himself and the minor child from Florida "for the primary purpose of avoiding in personam jurisdiction over himself and a determination of child custody under the jurisdiction of this Court." Defendant prayed that the Florida court assume jurisdiction over plaintiff and the minor child. Plaintiff did not respond to defendant's complaint. An order for default judgment against plaintiff was entered 25 January 1977. On 11 November 1977 the Florida court entered a "Final Judgment of Dissolution of Marriage," which stated, *inter alia*:

"this Court having jurisdiction over the child of the parties, JAMES CHRISTOPHER BOOZER, pursuant to Florida Statutes sec. 61.13(2)(a), and a duly noticed Final Hearing having been had and the Court having heard and considered the evidence and testimony of [defendant here], argument of counsel and independent witness as to residency, and the Court being otherwise fully advised in the premises. . . ." The court ratified and confirmed the default judgment previously entered; granted a divorce; granted child custody to defendant; ordered, *inter alia*, alimony and exclusive possession of the Florida home in favor of defendant; and specifically retained jurisdiction of the cause for the entry of further orders. The record indicates that plaintiff was represented by North Carolina counsel at this hearing.

In May 1982, almost four and one-half years later, defendant filed a motion in the Florida action for an order adjudging plaintiff in contempt of court for violation of the 11 November 1977 order. On 21 May 1982, a notice of hearing was mailed to plaintiff at his North Carolina address. The court instructed defendant to move the court for an order of referral to a General Master.

On 22 July 1982, the Dade County Circuit Court ordered that the matter be referred to a General Master for further proceedings as deemed necessary by the General Master, who was requested to report his findings and recommendations to the court. Copies of this order were sent to plaintiff in North Carolina and defendant's attorney. Defendant then applied to the General Master for an order finding plaintiff in contempt of court for noncompliance with the 11 November 1977 order. Plaintiff was served with the motion and notice of hearing by the Transylvania County Sheriff's Office at his Brevard, North Carolina address. The motion and notice were also sent to John M. Thompson of the Florida law firm Tobin and Thompson, who the record identifies as the "attorney for husband." On 30 September 1982, the Dade County Circuit Court approved and ratified the report of the General Master and entered "Order on Report of General Master" in favor of Rosalind Boozer. The General Master retained jurisdiction to file a report regarding attorney's fees and custody of the minor. On 13 October 1982, the Dade County Circuit Court, after hearing the "Order on Report of General Master" and exceptions filed thereto, entered "Final Judgment" in favor of defendant Rosalind Boozer, holding plaintiff in arrears in the amount of

$58,415.58. On 4 October 1982, subsequent to the 30 September 1982 "Order on the Report of General Master" but prior to the 13 October 1982 "Final Judgment," plaintiff filed an affidavit with the Florida court in which he stated, *inter alia*: that in the summer of 1977 defendant lived with plaintiff in Brevard, North Carolina as man and wife, that they "had moved there with the intention of making North Carolina our permanent residence," that the minor child of the marriage and defendant's two children were attending public school in Brevard, North Carolina in the fall of 1977 until defendant "returned to our former home in Miami" with her two children.

On 10 November 1982, plaintiff filed notice of appeal regarding five of the Florida orders, including the 13 October 1982 order at issue here, to the District Court of Appeals of Florida, Third District. In an opinion filed 7 June 1983 the Florida appellate court affirmed the orders from the Dade County Circuit Court *per curiam*. The Dade County Circuit Court thereafter entered several judgments consistent with this affirmance, including the 1 November 1983 order for attorney's fees.

The Constitution of the United States provides, "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, sec. I. Accordingly, a judgment from a rendering state is entitled to the "same credit, validity and effect" in a sister state that it has in the state where it was pronounced. *Montague v. Wilder*, 78 N.C. App. 306, 308, 337 S.E. 2d 627, 628 (1985), so long as certain requirements of a valid judgment have been satisfied, *Boyles v. Boyles*, 308 N.C. 488, 491, 302 S.E. 2d 790, 793 (1983). The judgment is deemed by the second court to be valid in the rendering state if the minimal requirements of proper subject matter jurisdiction, and the due process concerns of personal jurisdiction, and adequate notice were satisfied. *Montague v. Wilder, supra*, at 309, 337 S.E. 2d at 628-29. "We note that the second court's scope of review concerning the rendering court's jurisdiction is very limited." *Boyles v. Boyles, supra*, at 491, 302 S.E. 2d at 793. If the second court's inquiry reveals that these questions have been "fully and fairly litigated and finally decided in the court which rendered the judgment," the inquiry need go no further. *Id.* However, if the situation presented is one where default judgment was entered in the rendering state and the party against

**Boozer v. Wellman**

whom the default was entered subsequently challenges the validity of the proceeding on the grounds that he did not receive notice, the reviewing court must examine the underlying facts to determine whether notice prior to entry of default was adequate. *Id.*

Here, defendant is seeking to enforce in North Carolina the 13 October 1982 order for an arrearage of $58,415.58 and the $6,795.75 attorney fee award as ordered on 1 November 1983. Applying the rules stated above, the proper scope of review on these facts is a limited review. We need not examine the underlying facts because neither judgment at issue is a default judgment and because the issue of notice was fully and fairly litigated in the court which rendered the judgment as indicated by the entire record before us and, specifically, by the language in the 13 October 1982 order, to wit: James Boozer "was properly served notice of all proceedings in the [cause]." We need not address the facts underlying the 25 January 1977 order of default because that judgment is not at issue. Although we note that plaintiff was represented by counsel at that 11 November 1977 hearing where the court adopted and ratified the order of default, we need inquire only as to whether the two judgments which defendant seeks to enforce in North Carolina are valid judgments.

Plaintiff does not challenge subject matter jurisdiction. The language in the 13 October 1982 order "Copies furnished to counsel" and "copies of the above order were mailed to J. T. — H & H," that is, John Thompson, then counsel of record for plaintiff and Hendricks & Hendricks, then counsel of record for defendant, show that plaintiff was represented by an attorney. Plaintiff voluntarily submitted to the personal jurisdiction of the Florida court and actively participated in the litigation. Because the requirements of a valid judgment, to wit: subject matter jurisdiction, personal jurisdiction and notice, have been satisfied, the 13 October 1982 judgment is entitled to full faith and credit. Because the court specifically retained jurisdiction for a later determination on the issue of attorneys' fees, it follows that the 1 November 1983 award of $6,795.75 is also entitled to full faith and credit. Summary judgment for defendant is

Affirmed.

Judges BECTON and MARTIN concur.