MILLER v. MILLER

[98 N.C. App. 221 (1990)]

---

JEAN STILLWELL MILLER, PLAINTIFF v. MICHAEL F. D. MILLER, DEFENDANT

No. 8926DC967

(Filed 17 April 1990)

**Divorce and Alimony § 21.1 (NCI3d)— alimony arrearages— assignment of wages—service of notice on attorney of record**

The trial court obtained personal jurisdiction over defendant in a 1988 proceeding to recover alimony arrearages from defendant by assignment of his monthly wages pursuant to N.C.G.S. § 50-16.7(b) where plaintiff served the motion for assignment of wages and the show cause order on the attorney of record who represented defendant in the original divorce and alimony action in 1976. N.C.G.S. § 1A-1, Rule 5(b).

**Am Jur 2d, Courts §§ 118, 143; Divorce and Separation § 856.**

MILLER v. MILLER

[98 N.C. App. 221 (1990)]

APPEAL by defendant from *Jones, Judge*. Order entered 10 July 1989 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 March 1990.

This is a civil proceeding in which plaintiff seeks to recover alimony arrearages from defendant by assignment of defendant's monthly wages pursuant to G.S. 50-16.7(b). Evidence in the record tends to show the following:

1. On 27 February 1976, pursuant to a judgment entered in District Court, defendant was ordered to pay plaintiff $275.00 every month in permanent alimony and to maintain until his death a life insurance policy for no less than $10,000 with plaintiff as the named beneficiary.

2. On 18 February 1988, plaintiff filed a motion in District Court, Mecklenburg County for a show cause order asking that defendant be held in contempt for refusing to abide by the judgment of 27 February 1976. Plaintiff also made a motion for attachment and garnishment of defendant's wages alleging alimony arrearages of $33,000.00.

3. Because defendant's whereabouts were unknown to plaintiff at the time, the above described motion was served upon the attorney who represented defendant at the original divorce proceedings in 1976 and upon the commander of the United States Army Finance and Accounting Center.

4. On 22 February 1988, the District Court granted plaintiff's motion for a show cause order. When defendant did not appear on 30 March 1988, the court adjudged defendant to be in wilful contempt and ordered the United States Army to begin monthly payments to plaintiff's attorney in an amount equal to sixty-five (65%) percent of defendant's monthly disposable income. The Army, however, refused to honor this garnishment order.

5. On 4 May 1988, plaintiff filed a motion to amend the judgment ordering garnishment and a motion for involuntary assignment of defendant's wages pursuant to G.S. 50-16.7(b).

6. Plaintiff's motions along with another show cause order by the District Court were served by certified mail upon the Commander of the United States Army Finance Center, the United States Attorney for the Western District of North

Carolina, and by first class mail upon the attorney who represented defendant at the original divorce proceedings.

7. Although the show cause order of 4 May 1988 gave notice of a hearing on 1 June 1988, defendant did not appear or have an attorney present at the hearing. On 6 June 1988, the court authorized assignment of sixty-five (65%) percent of defendant's monthly Army retirement pay to satisfy his alimony arrearages, current alimony and plaintiff's attorney's fees.

8. On 26 April 1989, defendant filed a motion to vacate the orders of 30 March and 6 June 1988 and the involuntary assignment of his wages pursuant to Rule 60(b).

From an order prohibiting assignment of defendant's retirement pay for current alimony but otherwise denying his motion for relief, defendant appealed.

*W. Richard Moore for plaintiff, appellee.*

*Bailey, Patterson, Caddell & Bailey, P.A., by Sheri A. Harrison, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant's sole argument on appeal is that the district court erred by denying his Rule 60(b) motion for relief from the order for involuntary assignment of his wages. He contends that the court lacked jurisdiction over his person because he never received proper notice of the proceedings or service of process. We disagree.

Divorce actions in which alimony is awarded are not ended merely by the rendition of judgment. "Such actions are always open for motions in the cause . . . for the enforcement of the order for alimony." *Barber v. Barber*, 216 N.C. 232, 234, 4 S.E.2d 447, 448 (1939). Consequently, a plaintiff seeking enforcement of an order for alimony need not serve the defendant with a new summons. Simply serving him with notice of the motion for enforcement is sufficient. *Id.* Unless otherwise ordered by the court, G.S. 1A-1, Rule 5(b) allows service of notice of written motions by service on the defendant's attorney of record. *Griffith v. Griffith*, 38 N.C. App. 25, 247 S.E.2d 30, *disc. rev. denied*, 296 N.C. 106, 249 S.E.2d 804 (1978).

In the present case, plaintiff served James E. Walker, defendant's attorney of record, with copies of the motion for assignment of wages and the show cause order of 4 May 1988. Defendant, however, points out that Mr. Walker was hired only to "protect the defendant's interest in the dissolution of his marriage" in 1976. Therefore, he claims that service upon Mr. Walker in 1988 could not be "reasonably calculated to inform the defendant of the hearings and thus denied the defendant due process." Nevertheless, this Court has held that absent extraordinary circumstances, "[t]he relationship between a party and his attorney of record continues so long as the opposing party may enter a motion in the matter or apply to the court for further relief." *Griffith*, 38 N.C. App. at 29, 247 S.E.2d at 33. Upon review of the record, we conclude that the circumstances in this case do not justify a deviation from this well-established rule. Accordingly, we hold that plaintiff's service of notice was proper and that the district court correctly denied defendant's Rule 60(b) motion for relief.

The judgment of the district court is affirmed.

Affirmed.

Judges PARKER and COZORT concur.