SALLY SILVERING v. EDWARD VITO

No. 9120DC408

(Filed 18 August 1992)

1. **Divorce and Separation § 566 (NCI4th) — foreign child support order — registration under URESA — substantial compliance with statute**

   Plaintiff substantially complied with the requirements of N.C.G.S. § 52A-29 for registration of a Florida judgment for child support arrearages under URESA, although she failed to attach to her petition a copy of the Florida Reciprocal Enforcement of Support Act and a list of states where the Florida order is registered, where the pleadings contained an allegation that the last legal proceeding in this cause was the Florida proceeding granting judgment in arrears of a specified amount on 1 April 1988. Furthermore, plaintiff's failure to attach a description of the obligor's property subject to execution did not require dismissal of the petition but merely limited the enforcement remedies available to plaintiff.

   **Am Jur 2d, Desertion and Nonsupport §§ 148-149.**

2. **Divorce and Separation § 566 (NCI4th) — foreign child support order — notice of registration**

   Although defendant did not receive notice from the clerk of the registration of a foreign child support judgment as provided in N.C.G.S. § 52A-29, defendant's due process rights were not violated where a civil summons and the URESA petition were served upon defendant eight days after the URESA petition was filed, and defendant thus received actual notice of the pending litigation.

   **Am Jur 2d, Desertion and Nonsupport §§ 129, 148.**

3. **Divorce and Separation § 567 (NCI4th) — child support arrearages — foreign judgment — full enforcement**

   Where defendant father's child support arrearages were reduced to judgment by a Florida court, plaintiff mother is entitled to full enforcement of that judgment in North Carolina for a period of ten years after its entry and is not limited by N.C.G.S. § 1-47(1) to recovery of arrearages which accrued within ten years prior to the filing of the URESA petition.

**Am Jur 2d, Desertion and Nonsupport § 149.**

Judge GREENE concurring in the result.

APPEAL by defendant from judgment entered 18 January 1991 by *Judge Susan C. Taylor* in MOORE County District Court. Heard in the Court of Appeals 20 February 1992.

*Alan W. Greene for defendant-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Bertha Fields, for plaintiff-appellee.*

JOHNSON, Judge.

Plaintiff-appellee, Sally Silvering, filed a petition pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), seeking $16,062.50 in arrearages which accrued under a California order for support, and was reduced to judgment in a URESA proceeding in the State of Florida on 1 April 1988.

The trial court made the following findings of fact:

1. That the Respondent was present in Court and represented by Attorney Alan Greene;

2. That on or about April 1, 1988, the Petitioner filed a URESA action in the State of Florida which was heard before the Honorable James R. Stewart, Jr., Circuit Court Judge of the Fifteenth Judicial Circuit of Florida;

3. That the Honorable Judge Stewart issued an order on April 1, 1988 finding that Respondent Edward Vito was present in Court and was represented by Joel N. Weissman, Esquire, and that Petitioner Silvering and the State of Florida were represented by Don Pickett, Esquire; that the Order further found arrearages in payment of child support in the amount of $16,062.50 through February, 1983 and ordered the Respondent to pay said arrearages upon a schedule which was set by the Court; said Order is incorporated herein in its entirety by reference;

4. That the Respondent changed his residence to North Carolina and presently resides in Moore County, North Carolina; that the Petitioner presently resides in the State of California;

5. That on or about July 10, 1989, the Petitioner filed a Complaint for Reciprocal Enforcement of Support which was transmitted to the State of North Carolina;

6. That a hearing was held on Petitioner's Complaint before the undersigned;

7. That Respondent testified at the present hearing and presented no evidence of any payment made since February, 1983.

The trial court concluded as a matter of law:

1. That this matter is properly before this Court;

2. That the State of North Carolina is bound by the full faith and credit clause of the United States Constitution to enforce the Child Support Order of the State of Florida;

3. That the Order of the Court for the Fifteenth Judicial Circuit of the State of Florida must be enforced by the Courts of the State of North Carolina.

The court ordered defendant-appellant to pay $16,062.50 in arrearages.

On appeal, defendant brings forth two assignments of error. Defendant first contends that the trial court erred in denying his motion to dismiss. More specifically, he argues that the statutory requirements of North Carolina Gen. Stat. §§ 52A-29 and 52A-30 (1984) were not met. We disagree.

North Carolina General Statutes § 52A-29 provides that:

An obligee seeking to register a foreign support order in a court of this State shall transmit to the clerk of court (i) three certified copies of the order with all modifications thereof, (ii) one copy of the reciprocal enforcement of support act of the state in which the order was made, and (iii) a statement verified and signed by the obligee, showing the post-office address of the obligee, the last known place of residence and post-office address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these documents, the clerk of the court, without payment of a filing fee or other cost to the obligee, shall file them in the Registry

SILVERING v. VITO

[107 N.C. App. 270 (1992)]

of Foreign Support Orders. The filing constitutes registration under this Chapter.

Promptly upon registration, the clerk of the court shall send by certified or registered mail to the obligor at the address given a notice of the registration with a copy of the registered support order, and the post-office address of the obligee. He shall also docket the case and notify the prosecuting attorney of his action.

North Carolina General Statutes § 52A-30(a) provides that:

(a) Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by the court of this State. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner.

(b) The obligor has twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

[1] Defendant argues that the record indicates that the copies of the Florida decree were not properly certified and that there is no indication that three copies of the decree were attached to the URESA petition; that a copy of the reciprocal enforcement act of the State of Florida was not included in the URESA petition; that the URESA petition contains no description of the respondent's property subject to execution, and no list of the states in which the Florida decree is registered; and that the record is devoid of any evidence that proper notice of registration was given to defendant-appellant.

The record does show, however, that three copies of a certification or order were attached to the URESA petition and forwarded to the Moore County Clerk of Court. Defendant correctly states that a copy of the Reciprocal Enforcement Act of the State of Florida was not included. Defendant also correctly states that the petition did not contain a description of defendant's property or a list of states where the Florida order is registered. The failure to describe the obligor's property does not warrant dismissal of an action; it merely limits the enforcement remedies available to the obligee. Likewise, the failure of plaintiff-appellee to list other

states where the decree is registered does not warrant a dismissal since the pleadings contain an allegation that the last legal proceeding in this cause was in the Florida proceeding granting judgment in arrears of $16,062.50 on 1 April 1988. We find that plaintiff-appellee substantially complied with the requirements of the statute, and that the registration was proper.

[2] Defendant-appellant further contends that he was not given proper notice of registration pursuant to N.C. Gen. Stat. § 52A-29. The parties stipulated to this fact. The record discloses, however, that a civil summons and the URESA petition were served upon defendant on 11 October 1990, eight days after the URESA petition was filed. Therefore, the defendant received actual notice of the pending litigation within the 20 days prescribed by N.C. Gen. Stat. § 52A-29. The record also shows that defendant was given an opportunity to challenge the URESA action and to be heard prior to the entry of the order. *See* defendant's 18 January 1991 motion to dismiss which did not mention lack of proper notice; *see also* defendant's brief filed in district court, failing to challenge the enforcement of the URESA action or to request modification of the Florida decree. We do not believe that defendant's due process rights were abridged. *See Allsup v. Allsup*, 323 N.C. 603, 374 S.E.2d 237 (1988). Although defendant did not receive notice of registration from the clerk, he did have actual notice of the registration. Accordingly, we are unwilling to reverse the trial court's holding on the basis that defendant did not receive proper notice pursuant to N.C. Gen. Stat. § 52A-29.

[3] Defendant next argues that if the support order is properly registered and enforceable in this State, plaintiff is entitled to recover only those arrearages accruing after 3 October 1980, or within the 10 year statute of limitations provided by N.C. Gen. Stat. § 1-47 (1983). We disagree based on the premise that "an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Cannon v. Cannon*, 223 N.C. 664, 669, 28 S.E.2d 240, 243 (1943).

In *Fleming v. Fleming*, 49 N.C. App. 345, 271 S.E.2d 584 (1980), where the plaintiff moved to North Carolina and registered an Arizona judgment for arrearages, this Court held that "a final

judgment [is] entitled to full faith and credit [citation omitted] and is conclusive on the amount owed by defendant[.]" *Id.* at 350, 271 S.E.2d at 587. The *Fleming* Court also opined that "[u]nder the full faith and credit clause of the Constitution of the United States, a judgment rendered by the court of one State is, in the courts of another State of the Union, binding and conclusive as to the merits adjudicated. It is improper to permit an alteration or re-examination of the judgment, or of the grounds on which it is based." *Id.*

North Carolina General Statutes § 1-47(1), the statute which defendant argues prevents plaintiff's full recovery, states that the prescribed period for the commencement of actions "[u]pon a judgment or decree of any court of the United States, or of any state or territory thereof, from the date of its rendition," is ten years. In the case *sub judice,* the application of this statute does not prevent recovery of the full amount entered by the trial court. Enforcement of periodic sums of support arrearages due under a support order which became due more than ten years before the institution of an action for judicial determination of the amount due are barred by the ten year statute of limitations. *Lindsey v. Lindsey,* 34 N.C. App. 201, 203, 237 S.E.2d 561, 563 (1977). Once the amount of arrearages is reduced to judgment, however, as occurred when the Florida court entered its order, that judgment is entitled to full enforcement in North Carolina for a period of ten years after its entry. *Arrington v. Arrington,* 127 N.C. 190, 197, 37 S.E. 212, 214 (1900).

Defendant cites *Stephens v. Hamrick,* 86 N.C. App. 556, 358 S.E.2d 547 (1987), to support his argument that recovery should be limited to those arrearages accruing after 3 October 1980. *Stephens,* however, can be distinguished from the case at bar because in *Stephens,* the arrearages due under the South Carolina order of support had not been reduced to judgment. Here, the arrearages due under the California order of support were reduced to judgment in Florida. Accordingly, the judgment entered by the State of Florida is entitled to full faith and credit, as it was entered 11 April 1988, within two years of the filing of the action in North Carolina.

Defendant's contention that he is not responsible for payment of arrearages after his children reached the age of eighteen is

an issue that he should have raised in the Florida court. The decision of the trial court is

Affirmed.

Judge COZORT concurs.

Judge GREENE concurs in the result by separate opinion.

Judge GREENE concurring in the result.

I disagree with the majority that there was a registration in North Carolina of the Florida "Support Arrearages" order (Florida order). There was never any request by the petitioner, Sally Silvering (Silvering), pursuant to N.C.G.S. § 52A-29 to register the Florida order in North Carolina, the essential information required by N.C.G.S. § 52A-29 for registration of a foreign support order was not filed with the clerk of court, and the Florida order was never filed by the clerk in the "Registry of Foreign Support Orders." Therefore, Edward H. Vito (Vito) never received from the clerk of court, as required by N.C.G.S. § 52A-29, "a notice of the registration with a copy of the registered support order. . . ." N.C.G.S. § 52A-29 (1984). Accordingly, the requirements of N.C.G.S. § 52A-29 and -30 were not met and the Florida order was not registered.

The failure to comply with N.C.G.S. § 52A-29 and -30, however, is not fatal to Silvering's claim. The registration of the Florida order was an option, not a requirement. N.C.G.S. § 52A-25 (1984); N.C.G.S. § 52A-4 (1984) (remedies provided in the Uniform Reciprocal Enforcement of Support Act are in addition to other remedies). She was not precluded from filing her petition for support, as she did, under the provisions of N.C.G.S. § 52A-10, and requesting that the trial court recognize the Florida order pursuant to the Full Faith and Credit Clause of the United States Constitution. See N.C.G.S. § 52A-10 (1984). The Florida order is entitled to full faith and credit if the Florida court had jurisdiction over the subject matter and the person of Vito, Vito was given notice and an opportunity to be heard in the Florida proceeding, and the order was final and not subject to modification. Boozer v. Wellman, 80 N.C. App. 673, 676, 343 S.E.2d 540, 542 (1986); Sistare v. Sistare, 218 U.S. 1, 54 L.Ed. 905 (1910) (sister states not bound to honor modifiable decrees); Lockman v. Lockman, 220 N.C. 95, 99, 16 S.E.2d 670, 672 (1941); Fleming v. Fleming, 49 N.C.App. 345, 350, 271 S.E.2d

## SILVERING v. VITO

[107 N.C. App. 270 (1992)]

584, 587 (1980) (full faith and credit not required if order of support can be modified by state entering order). Vito makes no argument that the Florida order was entered without jurisdiction and it is therefore presumed that the court had jurisdiction. *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 526, 146 S.E.2d 397, 400 (1966) (jurisdiction is presumed unless contrary is shown). The record also reflects that Vito was present in the Florida courts and given an opportunity to present evidence prior to the entry of the order establishing the arrearages. Nor does Vito contend that the Florida order was subject to modification. Accordingly, the trial court correctly gave full faith and credit to the Florida decree.

I agree with the majority that the Florida order is entitled to full enforcement in North Carolina and that no portion of the Florida order is barred by the ten-year statute of limitations. When arrearages are judicially determined in another state and that order is entitled to full faith and credit, that order is entitled to full enforcement in North Carolina for a period of ten years after its entry in the other state. *See Arrington v. Arrington*, 127 N.C. 190, 197, 37 S.E. 212, 214 (1900) (N.C.G.S. § 1-47 applies to foreign judgments). The Florida order which determined the arrearages is, as discussed above, entitled to full faith and credit, and because the North Carolina action was filed within ten years of the date of the entry of the Florida order, plaintiff is entitled to a judgment in the full amount of the arrearages as determined in the Florida order.

I also agree with the majority that the defendant's failure to raise in the Florida courts the issue of entitlement to arrearages accruing after the children reached eighteen, bars defendant from raising that issue in this proceeding.