EVA FITCH, Petitioner v. EDWARD FITCH, Respondent

No. 9326DC1153

(Filed 2 August 1994)

## Divorce and Separation § 417 (NCI4th)— child support arrearage—reducing to judgment—emancipation of child irrelevant

There was no merit to respondent's contention that the trial court lacked subject matter jurisdiction over petitioner's motion in the cause alleging that respondent was in arrears on his child support obligation and requesting that a child support lien be attached to his real estate, even though the minor child had become emancipated, since a trial court may determine the amounts owed by an obligor under a child support order, enter its final judgment for the total properly due, and execution may issue thereon.

**Am Jur 2d, Divorce and Separation §§ 1056 et seq.**

**Power of divorce court, after child attained majority, to enforce by contempt proceedings payment of arrears of child support. 32 ALR3d 888.**

Appeal by respondent from judgment entered 5 August 1993 by Judge Fritz Y. Mercer, Jr. in Mecklenburg County District Court. Heard in the Court of Appeals 25 July 1994.

On 18 April 1991 the trial court entered an order requiring respondent to pay child support pursuant to an action filed under the Uniform Reciprocal Enforcement of Support Act. The trial court directed respondent to pay $433.00 per month commencing 1 August 1991 for the ongoing support of one minor child, Edward Fitch.

Petitioner filed a Motion in the Cause on 11 March 1993 alleging that respondent was $8,410.00 in arrears on his child support obligation. She further alleged that the minor child was emancipated in

March of 1993. Petitioner requested, pursuant to N.C. Gen. Stat. § 50-13.4(f)(8) (Cum. Supp. 1993), that the trial court order respondent to appear and show cause why a child support lien should not be attached to respondent's real estate.

The trial court granted petitioner's motion and heard the matter on 22 July 1993. After finding that $250.00 in bond money had been applied to the arrearages, the trial court found respondent to be $8,160.00 in arrears. The trial court concluded that respondent's failure to comply was willful and without just cause or excuse, then declared the arrearages a specific lien against respondent's interest in real estate. From the trial court's judgment, respondent appeals.

Schultze and Tomchin, P.A., by Michael F. Schultze, for petitioner-appellee.

Edward Fitch, respondent-appellant, pro se.

LEWIS, Judge.

In this appeal respondent contends that: (1) the trial court lacked subject matter jurisdiction because his children are no longer minors; and (2) the trial court's amendment of the earlier support order was not timely. These arguments are without merit.

Respondent first argues that the trial court lacked subject matter jurisdiction to conduct a hearing on petitioner's motion in the cause because neither of his children is a minor. The support order entered 18 April 1991 only provided support for the benefit of one minor child, Edward Fitch. While the trial court found that Edward was emancipated in March of 1993, thereby ending respondent's legal obligation as a parent to support this child, we note that "[a] court nevertheless continues to have authority to compel a parent to provide that support due before emancipation, so long as the action is not barred by the statute of limitations." *Griffith v. Griffith*, 38 N.C. App. 25, 27, 247 S.E.2d 30, 32, *disc. review denied*, 296 N.C. 106, 249 S.E.2d 804 (1978).

A judgment or order awarding child support directs the payment of money, generally in future installments. *Lindsey v. Lindsey*, 34 N.C. App. 201, 237 S.E.2d 561 (1977). Absent a provision in the child support decree itself which renders it a specific lien upon the obligor's property, any arrearages in those periodic payments must be reduced to judgment by a judicial determination before enforceable by execution. *Id.* at 203, 237 S.E.2d at 563. "[P]ast due periodic pay-

**FITCH v. FITCH**

[115 N.C. App. 722 (1994)]

ments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments." N.C. Gen. Stat. § 50-13.4(f)(8) (Cum. Supp. 1993). When the obligor under a child support judgment or order is in arrears, the trial court may, "upon motion in the cause, judicially determine the amount then properly due and enter its final judgment for the total then properly due, and execution may issue thereon." *Lindsey*, 34 N.C. App. at 203, 237 S.E.2d at 563. Any past due child support payments which became due more than ten years prior to the filing of a motion in the cause are barred by the ten year limitation of N.C. Gen. Stat. § 1-47 (1983). *Id.*

In the case *sub judice* the trial court conducted a hearing on petitioner's motion in the cause and found that the 18 April 1991 child support order directed respondent to make monthly payments of $433.00 for the minor child Edward. After finding that Edward was emancipated in March of 1993 the trial court determined that respondent's total arrearages were $8,160.00. Since all of respondent's past due child support payments became due within two years of petitioner's motion in the cause, none of those payments was barred by the ten-year statute of limitation. Having judicially determined the amount properly due, the trial court did not err in entering its judgment for arrearages in the amount of $8,160.00 and declaring it a specific lien on respondent's real estate described in the judgment.

Respondent's second argument, that petitioner's motion in the cause to amend the 1991 support order was untimely, is meritless. Respondent misapprehends the nature of the trial court's judgment and argues that petitioner's action was not brought within a reasonable time under N.C.R. Civ. P. 60(b). The trial court did not amend the 1991 child support order; it reduced the past due child support payments to judgment. Rule 60(b) is inapplicable.

Respondent's final argument is not supported by an assignment of error. Rule 10 of the North Carolina Rules of Appellate Procedure provides that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal. . . ." N.C.R. App. P. 10(a). Although respondent's argument failed to comply with this rule, we nonetheless considered the argument and find it to be meritless. The judgment of the trial court is affirmed.

Affirmed.

Judges EAGLES and ORR concur.