BONITA R. KALEN, Plaintiff v. ANDREW C. KALEN, Defendant

No. COA94-1000

(Filed 5 September 1995)

**Parent and Child § 81 (NCI4th)— URESA action for child support arrearages—plaintiff living in Georgia—standing of Georgia to initiate action in North Carolina**

   The trial court erred in concluding that Georgia did not have standing to initiate an action for child support arrearages under a Virginia child support order, since plaintiff resided in Georgia when she filed her petition to enforce the Virginia order, and Georgia was the initiating state. N.C.G.S. §§ 52A-3(4), 52A-11.

   **Am Jur 2d, Divorce and Separation § 1020.**

   **Long-arm statutes: obtaining jurisdiction over nonresident parent in filiation or support proceeding. 76 ALR3d 708.**

Appeal by plaintiff from judgment entered 10 June 1994 by Judge Alexander Lyerly in Watauga County District Court. Heard in the Court of Appeals 23 May 1995.

*Michael F. Easley, Attorney General, by T. Byron Smith, Assistant Attorney General, for the State.*

*Gail P. Fannon, Attorney for the defendant-appellee.*

WYNN, Judge.

Plaintiff, a Georgia resident, obtained a child support order from a Virginia court against defendant, a Virginia resident, as provided by the Uniform Reciprocal Enforcement of Support Act ("URESA"). Defendant subsequently moved to North Carolina.

KALEN v. KALEN

[120 N.C. App. 196 (1995)]

On 4 January 1994, plaintiff filed a petition pursuant to Georgia's version of URESA seeking to collect from defendant $9,850 in arrearages which had accrued under the Virginia order. The Georgia Office of Child Support Enforcement processed plaintiff's request and forwarded it to North Carolina for prosecution. Plaintiff then filed the petition in Watauga County, North Carolina, but never registered the Virginia order in this state.

Defendant moved to dismiss plaintiff's petition. The trial court granted defendant's motion to dismiss and stated:

[T]his is the third time that this action for arrearages under a purported Virginia order has been initiated by the State of Georgia. The matter has twice been dismissed for the reason that Georgia has no standing to initiate an action to enforce a Virginia order in North Carolina. It is therefore ordered that this matter be and the same is hereby dismissed with prejudice.

From this order, plaintiff appeals.

---

Plaintiff contends that the trial court erred by concluding that Georgia did not have standing to initiate this action for child support arrearages. We agree.

N.C. Gen Stat. § 52A-2 provides that the purpose of URESA is to "improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with regard thereto." N.C. Gen. Stat. § 52A-2 (1992). This statute facilitates the enforcement and collection of child support obligations when the mother and father live in different states. URESA provides an additional remedy to enforce a duty that has already been judicially determined at a fair hearing. Thus, before this type of URESA action can be brought, a state must render a support order. The state which enters this support order is referred to as the "rendering state." N.C. Gen. Stat. § 52A-3(11). The state which files the URESA petition is the "initiating state." N.C. Gen. Stat. § 52A-3(4). The petition is then certified and forwarded from a court in the initiating state to a court in the state where the obligor resides. N.C. Gen. Stat. § 52A-11. The obligor's state is referred to as the "responding state." N.C. Gen. Stat. § 52A-3(12).

Ordinarily, the initiating state is also the state that renders the original support order, thus there are usually only two states involved in an URESA action. In the instant case, however, there are three states involved; Virginia, Georgia, and North Carolina. Virginia is the

"rendering state," Georgia is the "initiating state," and North Carolina is the "responding state."

In *Mahan v. Read,* 240 N.C. 641, 83 S.E.2d 706 (1954), our Supreme Court held that when an obligee moves from an initiating state to another state, a North Carolina court does not have jurisdiction to transmit a support order to the initiating state. The facts of *Mahan,* however, are distinguishable from the instant case because here the *obligor* has moved, not the *obligee. Mahan,* 240 N.C. at 647, 83 S.E.2d at 711 ("The case before us presents the problem of the *roving obligee* rather than that of the *fugitive obligor.*"). In *Mahan,* the obligee filed a petition under Arkansas' URESA seeking child support from her husband, a North Carolina resident. When the case was heard before the North Carolina court, the obligee had moved to Virginia. Consequently, the trial court held that "to permit the *obligee* to pursue a remedy through the courts of two states when the *obligee is not present in either one of them* and perhaps is on the move from place to place would so complicate and confuse the procedure thereunder as to impair its manifest purpose . . . ." *Mahan* at 647, 83 S.E.2d at 711 (emphasis added).

When plaintiff filed her petition to collect the arrearages which had accrued under the Virginia order, she resided in Georgia, the initiating state. Then, as required by N.C. Gen. Stat. § 52A-11, she forwarded the petition to North Carolina, the responding state, for a hearing on her claims as required by N.C. Gen. Stat. § 52A-12. If the obligee resides in the initiating state when the petition is filed, that state has an interest in the URESA proceedings and, therefore, has standing to initiate an action against the obligor. *Mahan* at 647, 83 S.E.2d at 711. Since plaintiff resided in Georgia when she filed her petition to enforce the Virginia order, Georgia has standing to initiate an action against defendant in this State. *See Mahan,* 240 N.C. at 647, 83 S.E.2d at 711 ("So long as the obligee is present in [the initiating] state, it has a definite interest in the proceedings.") Defendant also argues that plaintiff is barred from bringing this URESA action because she did not register the Virginia order in North Carolina. N.C. Gen. Stat. § 52A-25 provides, however, that the registration of a foreign support order is an option, not a requirement. *Silvering v. Vito,* 107 N.C. App. 270, 276, 419 S.E.2d 360, 364 (1992) (Greene, J., concurring). This argument is without merit. For the foregoing reasons, we conclude that the trial court erred by concluding that Georgia did not have standing to initiate this action for support. Accordingly, the trial court's order is

**KALEN v. KALEN**

[120 N.C. App. 196 (1995)]

Reversed and remanded.

Judges EAGLES and MARTIN, Mark D. concur.